IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MAINE

Case number:

ROBERT OLSZEWSKI JR and
JULIE OLSZEWSKI of
the Town of Dover-Foxcroft
Piscataquis County Maine

vs

COMPLAINT INCLUDING REQUEST FOR
DECLARATORY AND INJUNCTIVE RELIEF

BARRY HUTCHINS OF
DOVER-FOXCROFT IN HIS
INDIVIDUAL CAPACITY AND AS
FORMER SELECTMAN TOWN
OF DOVER-FOXCROFT

NOW COME ROBERT OLSZEWSKI JR AND JULIE OLSZEWSKI, through counsel, and represent as follows:

## JURISDICTION

1. Jurisdiction is premised on 28 U.S.C. §§ 1331, 1367 and Supplemental Jurisdiction for State claims.

## PARTIES

2. Plaintiff Robert Olszewski Jr is a resident of Dover-Foxcroft, Maine and citizen of Maine and the United States (sometimes referred to herein as "Olszewski"). References to Plaintiff in the singular herein are to Robert.

3. Plaintiff Julie Olszewski is a resident of Dover-Foxcroft, Maine and citizen of Maine and the United States and married to Robert Olszewski Jr.

4. The Defendant Town of Dover-Foxcroft (sometimes hereinafter referred to as "the Town") is a municipality and subdivision the State of Maine and, at material times in this matter, without limitation, has acted through it's agents, Town Manager Jack Clukey, its Town Clerk Lisa Ronco and it's Board of Selectmen, (namely Select persons Elwood Edgerly, Cynthia Freeman Cyr, Jane Conroy, Barry Hutchins, Thomas Lizotte, Mike Sutton, Jane Conroy, (collectively referred to as "the Board")), Stephan Grammont, Dover-Foxcroft Police officers Ober, Sergeant Garib, Chief of Police Matthew Grant and later Chief of Police of Seth Burns, all of whom at times material to this Complaint have acted within the scope of their actual and apparent authority.

5. The Defendant Barry Hutchins (hereinafter referred to as Hutchins) is an individual, a former chief of police in New Hampshire, and has acted at all material times hereto as a Dover-Foxcroft Select Board member, as actual or apparent agent of the Board and of the Town of Dover-Foxcroft, (until recent resignation) ,and has acted also in his personal capacity as an individual. He is sued both in his individual personal capacity and in his official capacity.

6. Defendant Barry Hutchins, at all material times hereto, has in his electronic mail and internet activities, expressed opinions, statements and actions, which are either in fact or reasonably were and may be construed as opinions and actions of the Select Board, and as made or done on behalf of the Town of Dover-Foxcroft.

7. The Town of Dover-Foxcroft at all times material hereto has been aware of Hutchins' actions and expression of opinions and that Hutchins' actions and opinions are, or may be taken by the public as, opinions and actions, not only of Hutchins as an individual, but as Select person and agent of the Town of Dover Foxcroft.

## STATEMENT OF FACTS

8. Plaintiff, on May 2nd, 2020, was issued a notification of classification, from the Social Security Administration, as a disabled individual, as of December 15, 2018. Plaintiff's disabilities result, in part, from a brain injury and other injuries incurred when Plaintiff was struck and run over by an automobile in 1989. Plaintiff's brain injury related mental disability symptoms include the inability to converse and communicate in real time. Plaintiff cannot process new information fast enough to comprehend answers given to Plaintiff's questions, or formulate answers to questions addressed to plaintiff, without spending time away from the interaction where plaintiff can take the time needed to focus on the words and concepts of the interaction, and properly formulate plaintiffs responses. Plaintiff's symptoms also include heightened irritability, frustration, and agitation when interacting in certain situations that would not be a source of heightened irritation, frustration, or agitation to someone without Plaintiff's mental disability. Plaintiff often copes with this disability by recording conversations for the purpose of listening to and making sense of them later. Examples of such situations include conversations at public offices, and conversations with public officials.

9. The Town Government of Dover-Foxcroft had been put on notice years prior to the events of 2021 onward regarding Plaintiff's mental disabilities. In 2007 Plaintiff reported to the Town Manager of Dover-Foxcroft about a lead contamination issue in the Town gravel pit. Plaintiff then contacted Maine Department of Environmental Protection. The day a newspaper article was published about the lead issue, listing him as a concerned citizen, he was charged, by the Town of Dover-Foxcroft Police department, with a felony. In that matter, the Grand jury ruled unanimously in Plaintiff's favor. Also Town gravel hauling, on that same day, made a notable raised section in the gravel road in front of Plaintiff's property. This created a massive runoff

onto Plaintiff's property whenever it rained sufficiently. Plaintiff regarded the frivolous prosecution and road mismanagement as retaliation against Plaintiff for Plaintiff's public advocacy bringing attention to the lead problems in Dover-Foxcroft. During this time Plaintiff discussed his disabilities in full detail with the Dover-Foxcroft Town Manager, effectively putting the whole of Town government on notice of Plaintiff's disabilities. Plaintiff did not stop campaigning for improved roads and the remediation of the lead problem throughout the ensuing years.

10. The Dover-Foxcroft Police were on notice regarding Plaintiff's disabilities. On November 9, 2020 Plaintiff called the Maine State Police for a copy of the Governor's COVID policies regarding a private business requiring a mask to be worn by everyone. The call was passed onto the Piscataquis Sheriff's Office with whom Plaintiff, during the call, discussed his disabilities. Tysen Ober, police officer with Dover-Foxcroft, was sent to interview Plaintiff. In this video recorded interview, Plaintiff explained, Plaintiff's disabilities to Officer Ober. During the interview, Ober lunged at Plaintiff and wrongfully arrested him, then filed a false report. After viewing the video, the Chief of Police Grant discharged Plaintiff from arrest. Subsequently, Plaintiff participated in several discussions with various local, and non local, police, and other, officials concerning Plaintiff's disabilities.

11. In early 2022, Plaintiff petitioned the Town government about impassible road conditions that restrict emergency services. He met with Selectman Barry Hutchins, a sitting member of the Select Board. Plaintiff explained to Hutchins his disabilities in detail which should have given Hutchins the needed information to ensure provision of necessary accommodations and/or 18 M.H.R.C. Rules, 7.17:C(1)(ii) auxiliary aids for Plaintiff to have the same sort of experience petitioning government that a non-disabled person might have.

12. In a Selectmen's meeting, on March 14, 2022, Defendant Selectman Hutchins formally and publicly acknowledged before the Select Board, having made social media posts that reflect upon the board and town, and publicly formally acknowledged, on record, a new understanding, on the part of Hutchins, that social media posts can be seen as a reflection of the opinion of selectmen's board as a whole.

13. Hutchins in March 2022 requested Plaintiff to electronic mail him instead of interacting in the Maine public online forum, "so that I don't embarrass you here in public further." Hutchins, at that time, also asked Plaintiff for his personal phone number.

14. In March 2022, Hutchins wrote the Dover-Foxcroft Police Chief that Plaintiff was "unstable and clearly showing himself as a threat, a danger and threat to the community" and then went on badgering Plaintiff, throughout the month, with an apparent intent to agitate Plaintiff.

15. Hutchins asked Plaintiff to provide reports regarding the quality of the materials the Town used in the road that was causing the restrictions of emergency services. Plaintiff delivered some copies of Maine Department of Transportation reports having to do with road materials to Hutchins via email.

16. On April 11, 2022, Plaintiff brought a report from the Town of Richmond regarding road materials and costs used in the Town of Richmond to the Select Board meeting. At the meeting's open session time, when the Board was to consider the reports, Hutchins took the floor and accused Plaintiff of sending him threatening and aggressive emails. At that time, Hutchins complained (falsely), to the Select Board, and the members of the public present at the open meeting, that Plaintiff had sent him over 400 threatening and aggressive emails. Hutchins also offered, to those present at the meeting, that Hutchins would forward the emails to them, if they wished.

17. On April 13, 2022, Plaintiff I sent Defendant Hutchins a Freedom of Access request for electronic mail because he holds a private email for government business and he only had possession of his government "Google" Email address. Plaintiff also sent Town Clerk Lisa Ronco a Freedom of Access request for the same and notified the Town via email that Defendant Hutchins had threatened me for sending him a Freedom of Access request.

18. Defendant Hutchins responded by threats to have Plaintff jailed and seeking to have the Plaintiff jailed.

19. Neither The Town nor Hutchins responded by providing the requested emails.

20. Dover-Foxcroft Select Board persons, at that time, (2022) did Town business by personal email and/or the Town and/or its information officer, Ms. Ronco. Ms Ronco, as a result did not and/or could not fully respond to Plaintiff's Freedom of Access requests for email communications allegedly received by Defendant Hutchins.

21. During the same time period, Plaintiff had submitted to the Town an FOAA request for the reports from the Town that concluded Town Manager Jack Clukey had paid Chairman of the Board Elwood Edgerly over $200,000.00 in what appears to be bi-weekly grant fund payments. Plaintiff also, at the time, had submitted a FOAA request for a vendor detail report which showed town office employees spent in excess of $10,000.00 on cake, pastries and party supplies for personal celebrations out of Taxpayer funds.

22. Hutchins also responded to Plaintiff's FOAA requests for emails in a Facebook Messenger message, stating:

    "Mr Olszewski april 13 2022
    Let me make this crystal clear to you sir. I have told you how to go about

4

getting all information that you want ...  With regard to your doctors or any other person that is reading these emails.  I DON'T GIVE A SHIT AS TO WHAT THEIR OPINION IS SIR. You are troubled. *I have dealt with countless persons like you throughout my life I do not continue to do it now*. If you choose to come at me aggressively, you will get it right back Do not ever mistake me for a person that will simply roll over and take it. For the last time Sir.  Do not send me another means of communications or I will pursue criminal charges against you.  Barry G Hutchins's town of Dover-Foxcroft."

23. Hutchins then proceeded to attempt to get the Dover-Foxcroft Town Police to arrest Plaintiff for sending the Freedom of Access ("FOAA")  request on April 13, 2022 (which Hutchins had requested him to do).

24. On April 28, 2022, Plaintiff petitioned the Select Board to ask Hutchins to resign. At the close of this meeting, Hutchins moved from his chair and toward Plaintiff in a manner that plaintiff and other witnesses perceived as aggressive.

25. On May 9, 2022, after Plaintiff and others asked for an apology from Hutchins, immediately after the Board meeting, Hutchins attempted to provoke a physical confrontation with Plaintiff in the parking lot, by his sitting upon the hood of Plaintiff's car and refusing to move.

26. Hutchins took a public position that he was fully within his freedom of speech rights as a U.S. citizen to say whatever he pleased outside of Town meetings, and stated in particular that "No action will be taken as my actions were after the meeting adjourned."

27. On June 10, 2022, Defendant Hutchins emailed Plaintiff the following:

   "Am I in your head so damn deep that you can't sleep anymore Robert?  How does it feel that your mother is actually having now to speak to your defense? How does it feel to live in Mommy's basement?  I am so deep in your head that you will explode with anger before you figure out how to deal with me Robert. This is what I am exceptional at.  Getting deep into the minds of persons whom are weak.  I then break them down little by little at a time until I am ready to completely blow them apart.  This seat that I sit in is the least of my concerns."

28. Also, on June 10, 2022, Hutchins further messaged Plaintiff: "Ask your buddy Sean (referring to Sean Hadley, a disabled veteran) BIG MISTAKE HUGE MISTAKE TO DO THIS TO ME YOU GENIUS."

29. On June 11, 2022, after Plaintiff blocked Hutchins from Plaintiff's social media page, Plaintiff received another message from Hutchins that Hutchins set up a new Facebook account to offer a means further to harass and provoke Plaintiff.

30. Plaintiff met with Chief Grant, Sergeant Graff and officer Ober about this conduct as a disability abuse.  Officer Ober denied this was abuse stating it might be harassment.

31. On June 12, 2022, Plaintiff then petitioned the Maine District Court in Dover-Foxcroft alleging that Hutchins, a Selectman for the Town, engaged in a continuing course of conduct to harass and injure Plaintiff and to retaliate against him for the exercise of his First Amendment and civil rights with particular expressed intent to break Plaintiff down due to his disability.

32. Three weeks later and two days before Court date on Plaintiff's petition, Hutchins on his own behalf and as a member of the Select Board filed a retaliatory complaint, mirroring Plaintiff's petition in the Dover-Foxcroft Maine District Court, DVDC PA 22-0039.

33. Hutchins, appearing on his own behalf and that of the Town, through counsel, then during the protection from harassment hearing on June 30, 2022, falsely claimed that a cease harassment order or notice had been given to Plaintiff in April 2022.

34. No such notice or order of any kind had or has been given to Plaintiff prior to the eventual order in DVDC PA 22-0039, DVDC PA 22-0035.

35. Hutchins was represented in the Dover-Foxcroft District Court by an attorney Benjamin Cabot. He was then and is also Probate Judge for Piscataquis County with a professional relationship with the Judges of the District Court in Piscataquis County which was not disclosed and required recusal.

36. On January 19, 2023, District Court Judge Faircloth for no given reason refused to consider a SLAPP motion (5 M.R.S. § 556) brought by Plaintiff.  Because of this refusal, administrative remedies to rebut orders in Dover-Foxcroft DVDC PA 22-0035, DVDC PA 22-0039, were unavailable to Plaintiff.

37. The District Court Judge, after hearing, issued a Protection from Harassment Order against both Hutchins individually and in his capacity as a person who works for the Town at the Town Office and Plaintiff, expressly mooting all pending and further motions and thus effectively concluding the matter on January 19, 2023.  Dover-Foxcroft DVDC PA 22-0035, DVDC PA 22-0039

38. During hearing in the above harassment proceeding, Hutchins and the Town of Dover-Foxcroft characterized the Town Office as Hutchins's place of employment.  At the request of Hutchins, on behalf of himself and Dover-Foxcroft, the court imposed a no contact provision, which legally barred Plaintiff from attending meetings of the Select Board and going to the Town Office at all during the time period of the harassment order.

39. The no contact provision was a direct and proximate result of Hutchins' June 30, 2022 false testimony mentioned in ¶ 20 above.

40. December 13, 2022, Plaintiff went to the Town Office, and discussed, with Police Chief Grant, the court's order, and whether he could legally attend the upcoming Select Board meeting.

41. The same day, December 13, 2022, a Libelous Facebook profile was created against Plaintiff, publicly accusing plaintiff of being a pedophile. One Christopher Johnson, of whom is a customer and whose son is a social acquaintance of Hutchins, caused to be posted on META/Facebook a libelous profile on META Facebook and taking a cover photo of Plaintiff from Plaintiff's Facebook photo and superimposing it on a picture of a No Trespassing sign at the Dover-Foxcroft playground. The Facebook profile name emblazoned upon the fake account was: ROBERTO PEDOWALSKI, This email sometime later was followed by an internet posting by Hutchins' son asserting that all pedophiles should be killed.

42. Plaintiff filed a Maine Human Rights action with the Commission against the Town of Dover-Foxcroft and Barry Hutchins, which was served on the Town on information on March 3, 2023. PA23-0092A/HUD and PA23-0092B/HUD, later supplemented by PA23-0092C, on the basis of which Right to Sue letters have issued.

43. In March, 2023, after, and only in retaliation for, Plaintiff's filing of the Maine Human Rights Act complaint against Hutchins, Hutchins individually and as Select Board member, attempted, with the connivance of Dover-Foxcroft Chief of Police Burns, to renew criminal charges against Plaintiff and reopened the mooted Harassment action and subjected Plaintiff to a merit less retaliatory contempt proceeding. The action alleged contempt, citing the December 13, 2022 occasion when Plaintiff was in the Town Office for thirteen seconds. The motion was denied.

44. In retaliation for Plaintiff's filing the MHRC Complaint, Dover-Foxcroft Police Chief Burns also cooperated with Hutchins in an attempt to renew criminal charges against Plaintiff. Chief Burns had been made aware of Plaintiff's allegations that the Dover-Foxcroft Hutchins PFH against Plaintiff had been obtained with false testimony. Chief Burns knew that no warning or order had been issued against Plaintiff.

45. Town policy called for an investigation into the allegations in the MHRC complaint that Plaintiff had lodged. Instead of investigate the complaint, Chief Burns sought to establish ground to recommence prosecution of Plaintiff's thirteen second appearance in the Town Office on December 13, 2022.

46. On June 6th, 2023 Plaintiff referred the Dover-Foxcroft Board of Selectmen to several issues including:
    a. the continuing failing conditions of certain town roads, and the toxicity of the gravel in the Town gravel pit's effect upon property around town roads.

    b.    email exchanges with Hutchins, including Hutchins' threat to break Plaintiff down and blow him apart, to
    c.    Hutchins' describing Plaintiff, to Chief Grant, as an unstable threat to the community.
    d.    Hutchins' engagement in the parking lot of himself, one Sean Hadley and Karl Sturtzman, such that Select Board Chairman Edgerly felt compelled to intervene by restraining Hutchins, and
    e.    again raised his petition for the Board to seek Hutchins' resignation.
    f.    Plaintiff further asked for the vendor detail report of a Town expenditure of some $200,000 allegedly to Edgerly.

Plaintiff presented Plaintiff's reasoning that Plaintiff's civil rights were violated through fear to speak up resulting from intimidation by Town officials. Select Board Chairman Edgerly falsely stated there was no reason to restrain anyone in the reported incident with Hutchins. Selectman Lizotte inaccurately then said there is no authority to board to ask anyone to resign.

47. Chairman Edgerly's aforementioned denial and Selectman Lizotte's statement that the board lacked authority to compel resignation were both incorrect. The Select Board has authority under Article Four of the Town charter to appoint, supervise and control all other officials, subordinates, and assistants as set forth in the municipal charter and in State law.

48. In July 2023, because he was being provoked and threatened by Hutchins and had no course left to protect himself, Plaintiff retreated from involvement and ceased his vigorous attempts to be involved in Town affairs and attending of Select Board meetings.

49. After the protection order ended on September 1 ,2023, Plaintiff attended the October 23 2023 Select Board meeting and while speaking was interrupted by Selectman Conroy who then attempted to silence him by the assertion of a five minute speaking rule whereas others spoke without interruption up to fifteen minutes and when due to his disability he should, if anyone, have been entitled to speak in excess of 15.  Select personJane Conroy then without grounds stated publicly that Plaintiff was threatening her and if he said anything about her actions she would sue him.  Again, because he was being provoked and threatened by Hutchins and had no course left to protect himself, Plaintiff retreated from involvement and ceased his vigorous attempts to be involved in Town affairs and attending of Select Board meetings.

50. The March 2023 contempt motion in PFH 22-0039 above (which was denied 8/24/23 at first hearing) was filed as a direct and proximate result of the fact Plaintiff has (1) made numerous complaints for several years continuing to the present against the Town of Dover-Foxcroft, (2) has assisted and participated in investigation conducted by the MHRC and (3) had the purpose and effect to prevent him from participating

and continuing to participate in Dover-Foxcroft governmental affairs by the exercise of his rights to free speech and to petition..

51. Notwithstanding it is a public entity, the Town has resolved that the Town Office is not a public forum and has disallowed private audio and video recording of any Town business in the Town Office.

52. At times material to this Complaint the Town had not adopted a remote meeting policy title as required by Title One of the Maine Revised Statutes. ME. REV. STAT. ANN. tit.1, §403-B (2024)

COUNT ONE - VIOLATION OF THE CONSTITUTION OF THE UNITED STATES OF AMERICA, THE CONSTITUTION OF THE STATE OF MAINE AND OF THE MAINE CIVIL RIGHTS ACT.

53. Plaintiffs restate each above averment.

54. Defendants' provocations and threats of violence in reaction to Plaintiff's speech and Petitioning activity constitute a continuing course of action which intentionally interfered and interferes with Plaintiff's enjoyment of his civil rights, was and is unconstitutional and violates his rights under the First and Fourteenth Amendments of the United States Constitution, U.S. Const. amend. I, XIV, The Constitution of the State of Maine, Article One, Section 6-A, Me. Const. art. I, §6-A, and The Maine Civil Rights Act, ME. REV. STAT. ANN. tit.5, §§4681-4685 (2024).

55. The Defendant Hutchins' attempts to have Plaintiff Robert Olszewski Jr arrested for seeking documents to which he and the public have constitutional Freedom of Access in each and all cases, in reaction to Plaintiff's speech and Petitioning activity is unconstitutional and violates his rights under the First and Fourteenth Amendments of the United States Constitution, U.S. Const. amend. I, XIV, The Constitution of the State of Maine, Article One, Section 4, and Section 6-A, Me. Const. art. I, §§4, 6-A, and The Maine Civil Rights Act, ME. REV. STAT. ANN. tit.5, §§4681-4685 (2024).

56. The Defendants' obtaining and enforcement of a Protection from Harassment Order forbidding Robert Olszewski from presence in the Town Office or at Select Board meetings and then pursuit of retaliatory contempt proceedings in Dover Foxcroft Protection from harassment, in each and all cases, due to Plaintiff's speech and Petitioning activity is unconstitutional and violates his rights under the First and Fourteenth Amendments of the United States Constitution, U.S. Const. amend. I, XIV, The Constitution of the State of Maine, Article One, Section 4, and Section 6-A, Me. Const. art. I, §§4, 6-A, and The Maine Civil Rights Act, ME. REV. STAT. ANN. tit.5, §§4681-4685 (2024).

57. The issuance of a restraining Protection from Harassment Order against Hutchins

    individually and as Select person and at his alleged place of employment, the Town, constitutes proof of the wrongdoing of the Town.

58. The attempted silencing of and threat of prosecution against Plaintiff at October 23, 2023 Board meeting violated Plaintiff's rights under the First and Fourteenth Amendments of the United States Constitution, U.S. Const. amend. I, XIV, The Constitution of the State of Maine, Article One, Section 4, and Section 6-A, Me. Const. art. I, §§4, 6-A, and The Maine Civil Rights Act, ME. REV. STAT. ANN. tit.5, §§4681-4685 (2024).

59. As a direct and proximate result of the above conduct by Defendants, Plaintiffs Robert Olszewski Jr and Plaintiff Julie Olszewski Jr have suffered severe emotional and and mental injury and distress that has required medical attention, economic injury, loss of life's enjoyment, and damage to their reputations in the community.

    WHEREFORE Plaintiff Robert Olszewski Jr demands against Defendants jointly and severally compensatory and consequential damages for his losses ($1,000,000), including severe emotional and mental distress, economic damages, and punitive damages as may be recoverable, reasonable attorney fees, his costs and interests, and Plaintiff Julie Olszewski demands damages jointly and severally against Defendants for loss of consortium.

COUNT TWO - DENIAL OF CIVIL RIGHTS, 42 U.S.C.A. §§1983, 1988

60. Plaintiffs restate each above averment.

61. Defendants' conduct, including provocation and threats, outlined in this complaint constitute violations of Plaintiff''s constitutional rights and are part of a continuing course of action that deprived and deprives Plaintiff of his federal and constitutional rights and were and are taken under color of state law.

62. Plaintiff Olszewski has been denied and is denied and deterred as a result of unlawful State action, threats, and failure to secure against provocations aimed at him as disabled individual, from exercise of his rights to speak and to participate in governmental business before the Select Board and at the Defendant Town Office

63. The Defendants' attempts to have Plaintiff Robert Olszewski arrested for seeking documents to which he and the public have constitutional Freedom of Access in each and all cases, due to the content of Plaintiff's speech and petitioning activity is unconstitutional and violates their rights under the First and Fourteenth Amendments of the United States Constitution

64. The Defendants' obtaining and enforcement of a Protection from Harassment Order PFH 22-0039 forbidding Robert Olszewski from presence in the Town Office or at Select Board meetings pursuant to retaliatory contempt proceedings in Dover-

      Foxcroft PFH, in each and all cases, due to Plaintiff's speech and petitioning activity is unconstitutional and violates Plaintiff's rights under the First and Fourteenth Amendments of the United States Constitution under color of State law.

65. The refusal on January 19, 2023, by District Court Judge Faircloth to consider Plaintiff's SLAPP motion, 5 M.R.S. §556, deprived Plaintiff of administrative remedies to rebut orders in Dover Foxcroft DVDC PA 22-0035
DVDC PA 22-0039.

66. Defendant Hutchins acts have been with malice.

67. As a direct and proximate result of the above conduct by Defendants, Plaintiffs Robert Olszewski Jr and Plaintiff Julie Olszewski have suffered severe emotional distress, economic injury, medical psychological care, and damage to their respective reputations in the community

      WHEREFORE Plaintiff Robert Olszewski Jr demands against Defendants jointly and severally compensatory and consequential damages for his losses, including severe emotional and mental distress, economic damages, ( $1,000,000) and punitive damages as may be recoverable, reasonable attorney fees, his costs and interests, and Plaintiff Julie Olszewski demands damages jointly and severally against Defendants for loss of consortium.

      COUNT THREE:   UNLAWFUL DISABILITY BASED DISCRIMINATION IN FAILURE TO PROVIDE DISABILITY ACCOMMODATIONS AND AUXILIARY AIDS IN VIOLATION OF MAINE HUMAN RIGHTS ACT

68. Plaintiffs restate each above averment.

69. Plaintiff is a qualified individual with a disability under Title 5, Chapter 337: HUMAN RIGHTS ACT Subchapter 1: GENERAL PROVISIONS, §4553. Definitions, (8-D), (B), ME. REV. STAT. ANN. tit.5, §4553 (2024)

70. The Town Office and the Select Board meetings including the Town Office constitute places of public accommodation. ME. REV. STAT. ANN. tit.5, §4553 (2024).

71. The Town knew and should have known of Plaintiff's needs as a mentally and physically disabled person. Plaintiff expressly made known to the Town many times from 2007 to the present that Plaintiff was both physically and mentally disabled and the nature of his disability.

72. Knowing, as The Town did, of Plaintiff's disabilities, The Town and it's agents, such as Hutchins, should have provided auxiliary aids sufficient to allow Plaintiff to accomplish the same or similar things at the Town Office and through interaction with Town Government that non-disabled individuals accomplish at the town Office and

      through town officials.

73. At times material to this Complaint, Plaintiff has tried to petition and interact with government and has been unable to do so because of Town Officers' reactions to Plaintiff's mental disabilities and due to Plaintiff's mental disability symptoms causing Plaintiff to become agitated and unable to constructively engage in conversation with town officers.

74. There are auxiliary aids that would allow individuals with Plaintiff's disabilities to successfully utilize the Town Office and accomplish Plaintiff's desired interactions with Town government, including allowing the recording, by plaintiff, of interactions at the Town office; and training of staff and persons employed at Town office in the accommodation of the needs of mentally disabled persons.

75. The Town, through it's officers and employees, did not provide mental disability accommodations or mental disability auxiliary aids to plaintiff, to assist Plaintiff in Plaintiff's efforts to communicate and otherwise interact with the Town Government at the town office. Because, (in addition to acts of provocation and persecution), of this omission to act, on the part of the Town, and it's officers, Plaintiff is, and has been, denied the provision of aids or services, or the participation in programs or activities provided by Dover-Foxcroft to which he is entitled and, therefore, has been discriminated against by reason of his disability in violation of The Maine Human Rights Act together with the rules of the Maine Human Rights Council. ME. REV. STAT. ANN. tit.5, §§4553, 4591, 4592 (2024), MHRC Rules 7.04 (C),(D).

76. The occasions when Plaintiff should have been provided with auxiliary aids and accommodations included the Town's actions following the March 20, 2022 correspondence between Defendant Selectman Hutchins and then Dover-Foxcroft police chief Grant where Hutchins declared that Plaintiff was unstable and clearly showing himself as a threat, a danger and threat to the community. Plaintiff was not provided any auxiliary aids or accommodations by the Select Board to address the mental disability related instability perceived by the Select Board; nor did the police enact any remedial measures in the face of the accusations.

77. Throughout March of 2022, Plaintiff attempted to help the Town government come to understand the various options for better materials with which to make the Town roads. Rather than provide auxiliary aids and accommodations, to bring plaintiff to an understanding of the particulars involved in communicating with Town Government, Defendant Selectman Hutchins Harassed Plaintiff. At the April 11 2022 Select Board Meeting, during the time for public comment and questions, Hutchins confronted Plaintiff oppositionally with public vocal protests and ridicule, saying that Plaintiff's emails were bothersome and objectionable, and publicly voicing outright rejection of the reports Plaintiff provided for want of notarization.

78. When on April 13, 2022 Plaintiff requested public information under the Freedom of

    Access Law, to wit copies of emails that Defendant Hutchins had publicly claimed to be numerous and threatening, from the Select Board, from the Town Office, and from Hutchins, on April 20, 2022, notwithstanding the fact Town business was done by personal Select persons' respective emails,  Hutchins threatened Plaintiff with criminal prosecution for emailing Hutchins an FOAA request.

79.    To summarize this count, Plaintiff is, and has been, wrongfully denied the provision of disability aids or services, and the participation in programs or activities provided by Dover-Foxcroft to which he is entitled by reason of his disability pursuant to the Maine Human Rights Act and the regulations of the Maine Human Rights Council. ME. REV. STAT. ANN. tit.5, §§4553, 4591, 4592  (2024), MHRC Rules 7.04 (C),(D).

WHEREFORE Plaintiff Robert Olszewski Jr demands against Defendants jointly and severally such remedies and damages as are allowable under the Maine Human Rights Act, compensatory and consequential damages ($1,000,000) for his losses, including severe emotional and mental distress, economic damages, and punitive damages as may be recoverable reasonable attorney fees, his costs and interests, and Plaintiff Julie Olszewski demands damages  jointly and severally against Defendants for loss of consortium.

COUNT FOUR -   UNLAWFUL DISABILITY BASED DISCRIMINATION, IN THE FORM OF HARASSMENT, IN VIOLATION OF MAINE HUMAN RIGHTS ACT.

80.    Plaintiffs restate each above averment.

81.    Three weeks After Plaintiff's June 13, 2022 filing in Dover Foxcroft District Court, DOVDC-PH-22-35, for a court order against Selectman Hutchins, instead of agreeing to cease the harassment, and provide disability accommodations to Plaintiff, two days before the hearing, Selectman Hutchins filed a his own Protection from Harassment Petition, DVDC PA 22-0039, against Plaintiff. Selectman Hutchins brought this retaliatory complaint on information with counsel from the local Probate Judge, who did not file a formal appearance. This legal assistance was given on behalf of The Town of Dover-Foxcroft. The Town-provided-counsel moved to have the court order that Plaintiff be restrained from attempting to interact with Town Government.

82.    As noted, on September 1, 2022, an anti-harassment court order was eventually issued against Selectman Hutchins.

83.    Plaintiff Robert Olszewski, Jr., has been subjected to harassment, in violation of The Maine Human Rights Act, ME. REV. STAT. ANN. tit.5, §§4553 (2024), including outright provocation and the threat of torture by Hutchins because of Plaintiff being a member of the class of mentally disabled individuals, and as a proximate result  has been denied the civil right of equal access to the Town Office of the Town of Dover Foxcroft, a public entity and place of public accommodation, and to the public forum

of it's Select Board meetings, and to full enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of the Town.

WHEREFORE Plaintiff Robert Olszewski Jr demands against Defendants jointly and severally such remedies and damages as are allowable under the Maine Human Rights Act, compensatory and consequential damages ($1,000,000) for his losses, including severe emotional and mental distress, economic damages, and punitive damages as may be recoverable, reasonable attorney fees, his costs and interests, and Plaintiff Julie Olszewski demands damages jointly and severally against Defendants for loss of consortium

COUNT FIVE - UNLAWFUL DISCRIMINATION, IN THE FORM OF RETALIATION, IN VIOLATION OF MAINE HUMAN RIGHTS ACT.

84.  Plaintiffs restate each above averment.

85.  Plaintiff Robert Olszewski has been retaliated against in violation of the Maine Human Rights Act, ME. REV. STAT. ANN. tit.5, §4633 (2024). The discrimination by harassment, ME. REV. STAT. ANN. tit.5, §§4553, 4591, 4592 (2024) previously described herein, was retaliation, toward Plaintiff, on the part of defendants. Defendant Hutchins acted in retaliation over Hutchins's personal rancor which developed in the course of Plaintiff's attempts to enjoy the rights granted under the Maine Human Rights Act, to avail Plaintiff's self of the public accommodations offered by the Town of Dover Foxcroft at the Town Office and through the Town officials, such as Hutchins. Plaintiff had attempted to use the public accommodations of the town office to influence local town action through interactions with Hutchins in Hutchins's capacity as Town Select board Member. The Town of Dover-Foxcroft, a public entity, retaliated by reason of Plaintiff's whistle blowing actions, including Plaintiff's announcements to the general public and efforts to expose to public scrutiny certain allegedly dubious Town acts, and Plaintiff's filing of Discrimination Complaints against Defendants with the Maine Human Rights Council.

86.  Plaintiff Robert Olszewski has been retaliated against in that he was interfered with, coerced, and intimidated, by Hutchins, as Plaintiff attempted to enjoy the rights granted under the Maine Human Rights Act, to avail Plaintiff's self of the public accommodations offered by the Town of Dover Foxcroft at the Town Office and through the Town officials, such as Hutchins.

87.  Without limitation, examples of Plaintiff's actions for which Hutchins's actions were in retaliation, and that were Plaintiff's disability hampered attempts at civic participation by and through the public accommodations offered by the Dover-Foxcroft Town Office and it's officers, were as follows. Plaintiff burdened Hutchins with more information about problems that the Town could and should remediate than Hutchins had the capacity with which to deal comfortably. Furthermore, Plaintiff's needs for disability aids and disability accommodations were beyond Hutchins capacities, training, and/or inclinations with which to deal at all. These acts on the part of Plaintiff

motivated Hutchins to retaliate against Plaintiff.

88. Without limitation, examples of Town actions, to which Plaintiff drew attention, by and through Plaintiff's disability hampered attempted use of the public accommodations at the Town Office, and for which Town officials, such as Hutchins, have retaliated against Plaintiff, include, but are not limited to: (1) The Town's failure to censure or otherwise rein in the abusive behavior of Respondent Selectman Hutchins, (2) The Town's misuse of public funds, (3) The Town's failure to keep its roads in working condition, and (4) The Town's historic and ongoing use of toxic and substandard materials in building and maintenance of Town roads

89. Plaintiffs have suffered severe emotional and physical injury as a proximate result of the discrimination and damages as outlined herein.

WHEREFORE Plaintiff Robert Olszewski Jr demands against Defendants jointly and severally such remedies and damages as are allowable under the Maine Human Rights Act, compensatory and consequential damages ($1,000,000) for his losses, including severe emotional and mental distress, economic damages, and punitive damages as may be recoverable, reasonable attorney fees, his costs and interests, and Plaintiff Julie Olszewski demands damages jointly and severally against Defendants for loss of consortium

COUNT SIX - INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

90. Plaintiffs restate the above averments.

91. Defendants' respective conduct, including but not limited to communication by Defendant Hutchins of a threat of mental torture of Robert Olszewski and provocation to violence, together with the active participation and/or acqiescence of the Dover Foxcroft Select Board, aggravated by the fact Hutchins' is and was known to be a former police officer, has been with the intention to inflict severe emotional and mental distress on Plaintiffs, and has been and is outrageous conduct beyond accepted standards of civilized behavior.

92. As a direct and proximate result of Defendants' respective conduct Plaintiffs each have suffered injury, economic damage, severe and mentl emotional distress, requiring medical attention, loss of life's enjoyment, and damages.

WHEREFORE Plaintiff Robert Olszewski Jr demands against Defendants jointly and severally, compensatory and consequential damages ($1,000,000) for his losses, including severe emotional and mental distress, economic damages, and punitive damages as may be recoverable reasonable attorney fees, his costs and interests, and Plaintiff Julie Olszewski demands damages jointly and severally against Defendants for loss of consortium

COUNT SEVEN - NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

93. Plaintiffs restate the above averments.

94. Plaintiffs were at all times in the exercise of reasonable care.

95. Defendants' respective conduct, including but not limited to, in the case of Dover Foxcroft, failure to protect Plaintiffs from, and participation by Town officials in, the wrongful conduct of Hutchins, and wrongful conduct of Conroy outlined above, has been negligent and grossly negligent.

96. As a direct and proximate result of Defendants' conduct Plaintiffs each have suffered injury, foreeable and severe mental and emotional distress, economic damages and loss of life's enjoyment, damages.

WHEREFORE Plaintiff Robert Olszewski Jr demands against Defendants jointly and severally such remedies and damages ($1,000,000), compensatory and consequential damages for his losses, including severe emotional and mental distress, economic damages, and punitive damages as may be recoverable reasonable attorney fees, his costs and interests, and punitive damages and Plaintiff Julie Olszewski demands damages jointly and severally against Defendants for loss of consortium

COUNT EIGHT - DEFAMATION & INVASION OF PRIVACY

97. Plaintiffs restate the above averments.

98. Defendants' actions jointly and severally have proximately resulted in and are proximately resulting in painting a picture of Plaintiff before the public in a false light which was and is highly offensive to a reasonable person, portraying him as not only mentally ill, but as a threat and danger to the public.

99. The false light has invaded the privacy of the Plaintiffs' home life, subjected Plaintiffs to foreseeable obloquy, obscene characterization, and foreseeably triggered and proximately caused threats of violence, including arson and being killed with a firearm, and other ongoing recriminations against the Plaintiffs.

100. Defendants have acted recklessly and in complete disregard as to the consequences of the false light in which thePlaintiffs have been placed by Defendants' conduct.

101. As a proximate result of the above conduct of Defendants Plaintiffs have suffered severe mental stress, fear of physical injury, loss of life's enjoyment, loss of reputation, and other damages.

WHEREFORE Plaintiff Robert Olszewski Jr demands against Defendants jointly and severally such remedies and damages ($1,000,000), compensatory and consequential damages for his losses, including severe emotional and mental distress, economic damages, and punitive damages as may be recoverable reasonable attorney fees, his costs and interests, and punitive damages and Plaintiff Julie Olszewski demands damages jointly and severally against Defendants for loss of consortium

PRELIMINARY INJUNCTION REQUEST.

102. Plaintiff restates all above paragraphs.

103. There is an actual controversy, definite dispute between the parties as to the rights and obligations of the parties including Plaintiff's rights to participate without continuing threats and interference by the Defendants in public meetings.

104. Plaintiff is and the public are irreparably harmed by allowing the status quo to continue.

105. Plaintiff has no adequate remedy at law

106. Plaintiff is more likely than not to succeed on the merits: Defendant Barry Hutchins was in fact, and in Protection from Harassment pleadings and in emails outlined above and elsewhere held himself out as and acted as an agent and Selectman of Dover-Foxcroft. By use and allowance of private email for Town business and inaction when informed and asked to correct Hutchins' conduct, including threats and unrelenting repeated attempts to prosecute Plaintiff, the Board itself continues to do indirectly by encouraging Hutchins acts what it could not do directly, to wit to suppress, and to censure the exercise of Plaintiffs' rights to free speech and the right to petition.

107. An Affidavit in support of Motion for Injunctive Relief will follow in due course.

WHEREFORE Plaintiffs seek

A. a preliminary injunction and declaration as to Plaintiff's rights pending final resolution of this matter.

B. Damages jointly and severally against Defendants in an amount to be determined at trial.

C. An award of attorney fees, and costs pursuant to 41 U.S.C. § 1988 and 5 M.R.S.A.§§ 4683, 4614

D. Such further relief as justice and equity require

DEMAND FOR JURY TRIAL

108. Plaintiffs demand jury trial pursuant to Rule 38, Federal Rules of Civil Procedure on all causes of action.

Date: June 6, 2024

Respectfully submitted,

/s/Andrews B Campbell
Andrews Bruce Campbell #1344
Attorney for Plaintiffs

ANDREWS BRUCE CAMPBELL, P.A.
919 Ridge Road, P.O. Box 119
Bowdoinham, ME 04008
207-666-5601; abc@207Legal.com