IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MAINE

Case number: 24-cv-00209-LEW

ROBERT OLSZEWSKI JR and
JULIE OLSZEWSKI of
the Town of Dover-Foxcroft
Piscataquis County Maine

PLAINTIFFS' FIRST AMENDED
COMPLAINT INCLUDING REQUEST FOR
DECLARATORY AND INJUNCTIVE RELIEF

vs

BARRY HUTCHINS OF
DOVER-FOXCROFT IN HIS
INDIVIDUAL CAPACITY AND AS
FORMER SELECTMAN Town
OF DOVER-FOXCROFT

NOW COME ROBERT OLSZEWSKI JR AND JULIE OLSZEWSKI, through counsel, and represent as follows:

JURISDICTION

1.    Jurisdiction is premised on 28 U.S.C. §§ 1331, 1367, Supplemental Jurisdiction for State claims.

PARTIES

2.    Plaintiff Robert Olszewski Jr is a resident of Dover-Foxcroft, Maine and citizen of Maine and the United States (sometimes referred to herein as "Olszewski"). References to Plaintiff in the singular herein are to Robert Olszewski Jr.

3.    Plaintiff Julie Olszewski is a resident of Dover-Foxcroft, Maine and citizen of Maine and the United States and married to Robert Olszewski Jr.

4.    The Defendant Town of Dover-Foxcroft (sometimes hereinafter referred to as "the Town") is a municipality and subdivision the State of Maine and, at material times in this matter, without limitation, has acted through it's agents, Town Manager Jack Clukey, its Town Clerk Lisa Ronco and it's Board of Selectmen, (namely Select persons Elwood Edgerly, Cynthia Freeman Cyr, Jane Conroy, Barry Hutchins, Thomas Lizotte, Mike Sutton, Jane Conroy, (collectively referred to as "the Board")), Stephan Grammont, Dover-Foxcroft Police officers Tyson Ober, SergeantGraef Garib, Chief of Police Matthew Grant and later Chief of Police of Seth Burns, all of whom at all material times have acted within the scope of their actual and apparent authority.

5.    The Defendant Barry Hutchins  (hereinafter referred to as Hutchins) is an individual,
a former chief of police in New Hampshire, and has acted at all material times hereto
as a Dover-Foxcroft Select Board member, as actual or apparent agent of the Board
and of the Town of Dover-Foxcroft,  (until recent resignation), and has acted also in
his personal capacity as an individual. He is sued both in his individual personal
capacity and in his official capacity.

6.    Defendant Barry Hutchins, at all material times hereto, has  in his electronic mail and
internet activities, expressed opinions, statements and actions, which are either in
fact or reasonably were and may be construed as opinions and actions of the Select
Board, and as made or done on behalf of the Town of Dover-Foxcroft.

7.    The Town of Dover-Foxcroft at all times material hereto has been aware of Hutchins'
actions and expression of opinions and that Hutchins' actions and opinions are, or
may be taken by the public as, opinions and actions, not only of Hutchins as an
individual, but as Select person and agent of the Town of Dover Foxcroft.


STATEMENT OF FACTS

8.    The Town Office and Select persons' meeting place constitute public forums.

9.    The Town Office and Select persons' meeting place consitute Places of Public
Accomodation under the Maine Human Rights Act.

10.    Plaintiff, on May 2nd, 2020, was issued a notification of classification, from the Social
Security Administration, as a disabled individual, as of December 15, 2018. Plaintiff's
disabilities result, in part, from a brain injury and other injuries incurred when Plaintiff
was struck and run over by an automobile in 1989. Plaintiff's brain injury related
mental disability symptoms include the inability to converse and communicate in real
time. Plaintiff cannot process new information fast enough to comprehend answers
given to Plaintiff's questions, or formulate answers to questions addressed to plaintiff,
without spending time away from the interaction where plaintiff can take the time
needed to focus on the words and concepts of the interaction, and properly formulate
plaintiffs responses. Plaintiff's symptoms also include heightened irritability,
frustration, and agitation when interacting in certain situations that would not be a
source of heightened irritation, frustration, or agitation to someone without Plaintiff's
mental disability. Plaintiff often copes with this disability by recording conversations
for the purpose of listening to and making sense of them later. Examples of such
situations include conversations at public offices, and conversations with public
officials.

11.    The Town Government of Dover-Foxcroft had been put on notice years prior to the
events of 2021 onward regarding Plaintiff's mental disabilities. In 2007 Plaintiff
reported to the Town Manager of Dover-Foxcroft about a lead contamination issue in

2

the Town gravel pit. Plaintiff then contacted Maine Department of Environmental Protection. The day a newspaper article was published about the lead issue, listing him as a concerned citizen, he was charged, by the Town of Dover-Foxcroft Police department, with a felony. In that matter, the Grand jury ruled unanimously in Plaintiff's favor. Also Town gravel hauling, on that same day, made a notable raised section in the gravel road in front of Plaintiff's property. This created a massive runoff onto Plaintiff's property whenever it rained sufficiently. Plaintiff regarded the frivolous prosecution and road mismanagement as retaliation against Plaintiff for Plaintiff's public advocacy bringing attention to the lead problems in Dover-Foxcroft. During this time Plaintiff discussed his disabilities in full detail with the Dover-Foxcroft Town Manager, effectively putting the whole of Town government on notice of Plaintiff's disabilities. Plaintiff did not stop campaigning for improved roads and the remediation of the lead problem throughout the ensuing years.

12.     The Dover-Foxcroft Police were on notice regarding Plaintiff's disabilities. On November 9, 2020 Plaintiff called the Maine State Police for a copy of the Governor's COVID policies regarding a private business requiring a mask to be worn by everyone. The call was passed onto the Piscataquis Sheriff's Office with whom Plaintiff, during the call, discussed his disabilities. Tysen Ober, police officer with Dover-Foxcroft, was sent to interview Plaintiff. In this video recorded interview, Plaintiff explained, Plaintiff's disabilities to Officer Ober. During the interview, Ober lunged at Plaintiff and wrongfully arrested him, then filed a false report. After viewing the video, the Chief of Police Grant discharged Plaintiff from arrest. Subsequently, Plaintiff participated in several discussions with various local, and non local, police, and other, officials concerning Plaintiff's disabilities.

13.     In approximately January 2022, Plaintiff petitioned the Town government about impassible road conditions that restrict emergency services.  He met with Selectman Barry Hutchins, a sitting member of the Select Board.  Plaintiff explained by email to Hutchins his disabilities in detail which should have given Hutchins the needed information to ensure provision of necessary accommodations and/or 18 M.H.R.C. Rules, 7.17:C(1)(ii) auxiliary aids for Plaintiff to have the same sort of experience petitioning government that a non-disabled person might have.

14.     In a Selectmen's meeting, on March 14, 2022, Defendant Selectman Hutchins formally and publicly acknowledged before the Select Board, having made social media posts that reflect upon the board and Town, and publicly formally acknowledged, on record, a new understanding, on the part of Hutchins, that social media posts can be seen as a reflection of the opinion of selectmen's board as a whole.

15.     On or about March 19, 2022, Hutchins wrote the Dover-Foxcroft Police Chief, Select persons, the Town Manager and Town Clerk and other Town officials that Plaintiff was "unstable and clearly showing himself as a threat, a danger and threat to the community" and then went on badgering Plaintiff, throughout the month, with an

apparent intent to agitate Plaintiff.

16.    Hutchins also in March 2022 requested Plaintiff to electronic mail him instead of interacting in the Maine public online forum, "so that I don't embarrass you here in public further." Hutchins, at that time, also asked Plaintiff for his personal phone number.

17.    Hutchins asked Plaintiff to provide reports regarding the quality of the materials the Town used in the road that was causing the restrictions of emergency services. Plaintiff delivered some copies of Maine Department of Transportation reports having to do with road materials to Hutchins via email.

18.    On April 11, 2022, Plaintiff brought a report from the Town of Richmond that was provided to him by the director of Maine Department of Transportation, Peter Coughlin who had directed Plaintiff to present the report to the Board of Selectmen. The report was in regard to road materials used in the Town of Richmond and costs of the materials. Plaintiff provided it to each member of the Board. He had also emailed the report to Hutchins a week prior to the April 11, 2022 meeting. At the meeting's open session time, when the Board was to consider the reports, Hutchins took the floor and accused Plaintiff of sending him harassing and aggressive emails. At that time, Hutchins complained (falsely), to the Select Board, and the members of the public present at the open meeting, that Plaintiff had sent him over 400 threatening and aggressive emails. Hutchins also offered, to those present at the meeting, that Hutchins would forward the emails, (without exception of emails Plaintiff had earlier sent him regarding confidentially shared answers to questions about his medical diagnoses), stating "anyone who wanted to view them can at their request. Emails are public record"

19.    On April 13, 2022, Plaintiff sent Defendant Hutchins a Freedom of Access request for electronic mail and texts. Plaintiff sent it to Hutchins rather than the Town Office because Hutchins used a private email for government business and only Defendant Hutchins, not the Town Clerk, had access to his government "Google" Email account. Plaintiff also sent Town Clerk Lisa Ronco a Freedom of Access request for the same, expressed concern about HIPPA violations by Hutchins and notified the Town via email that Defendant Hutchins had threatened him for sending him a Freedom of Access request.

20.    Defendant Hutchins responded by threats to have Plaintiff jailed and subsequently taking action attempting to have the Plaintiff jailed.

21.    Neither The Town nor Hutchins responded by providing the requested emails (some of which and only some of which  were however later supplied in response to Plaintiff's Maine Human Rights Complaint)

22.    Dover-Foxcroft Select Board persons, at that time, (2022) did Town business by

personal email accounts held by the Select persons in their own name and/or the Town and/or its information officer, Ms. Ronco. Ms Ronco, as a result did not and/or could not fully respond to Plaintiff's Freedom of Access requests for email communications Defendant Hutchins claimed to have received from Plaintiff.

23.   During the same time period, Plaintiff had submitted to the Town an FOAA request for the reports from the Town that concluded Town Manager Jack Clukey had paid Chairman of the Board Elwood Edgerly over $200,000.00 in what appears to be bi-weekly grant fund payments. Plaintiff also, at the time, had submitted a FOAA request for a vendor detail report which showed Town office employees spent in excess of $10,000.00 on cake, pastries and party supplies for personal celebrations out of Taxpayer funds.

24.   Hutchins also responded to Plaintiff's FOAA requests for emails in a Facebook Messenger message, stating:

"Mr Olszewski april 13 2022
Let me make this crystal clear to you sir. I have told you how to go about getting all information that you want ...  With regard to your doctors or any other person that is reading these emails.  I DON'T GIVE A SHIT AS TO WHAT THEIR OPINION IS SIR. You are troubled. *I have dealt with countless persons like you throughout my life I do not continue to do it now*. If you choose to come at me aggressively, you will get it right back Do not ever mistake me for a person that will simply roll over and take it. For the last time Sir.  Do not send me another means of communications or I will pursue criminal charges against you.  Barry G Hutchins's Town of Dover-Foxcroft."

25.   Hutchins then proceeded to attempt to get the Dover-Foxcroft Town Police to arrest Plaintiff for sending the Freedom of Access ("FOAA")  request on April 13, 2022 (which Hutchins had requested him to do).

26.   On April 19, 2022, Plaintiff created an online Facebook forum called "The Dover-Foxcroft Voice".  This was in reaction to Hutchins's posts on the Dover-Foxcroft Community page, where Defendant had posted false things about Plaintiff and other people had posted disparaging and negative comments about Plaintiff in reaction to Defendant Hutchins' posts. This difficulty in finding a reasonable online forum in which to discuss Dover-Foxcroft related issues prompted Plaintiff to create the Dover-Foxcroft Voice page. Plaintiff's page, where people had a place to discuss Town issues publicly, started gaining members.

27.   On April 27, 2022, Plaintiff petitioned the Select Board to ask Hutchins to resign. At the close of this meeting, Hutchins moved from his chair and toward Plaintiff in a manner that plaintiff and other witnesses perceived as aggressive.

28.   On May 9, 2022, at a select board meeting, after Plaintiff and others asked for an

apology from Hutchins, the Board ignored Plaintiff's statement and denied responsibility. In the recording of the meeting, Board member Lizotte is heard asserting that the Board does not have the authority to take action against Hutchins.

29.    Immediately after the Board meeting, On May 9, 2022 Hutchins attempted to provoke a physical confrontation with Plaintiff in the parking lot, through opositional verbal exchange and sitting upon the hood of Plaintiff's car and refusing to move.

30.    Plaintiff also, in May 2022, formally complained to the Police, as well as the Board, about Hutchins's attempted denial of Plaintiff's First Amendment rights. In particular Hutchins had attempted to deny Plaintiff's rights by seeking the arrest of the Plaintiff for Plaintiff's email requests, and by making public false statements about Plaintiff's email correspondence.

31.    Hutchins took a public position that he was fully within his freedom of speech rights as a U.S. citizen to say whatever he pleased outside of Town meetings, and stated in particular that "No action will be taken as my actions were after the meeting adjourned."

32.    On June 10, 2022, Defendant Hutchins, targeting Plaintiff's disabilities, emailed Plaintiff the following:

        "Am I in your head so damn dead that you can't sleep anymore Robert?  How does it feel that your mother is actually having now to speak to your defense? How does it feel to live in Mommy's basement?  I am so deep in your head that you will explode with anger before you figure out how to deal with me Robert. This is what I am exceptional at.  Getting deep into the minds of persons whom are weak.  I then break them down little by little at a time until I am ready to completely blow them apart.  This seat that I sit in is the least of my concerns."

33.    Also, on June 10, 2022, Hutchins further messaged Plaintiff: "Ask your buddy Sean (referring to Sean Hadley, a disabled veteran) BIG MISTAKE HUGE MISTAKE TO DO THIS TO ME YOU GENIUS."  Sean Hadley is a combat veteran who, on information,  Hutchins knew also suffered from severe post traumatic stress and as a result of "Breaking Down" withdraw from campaigning for Dover-Foxcroft Selectman and endorsed the Plaintiff.

34.    On June 11, 2022, after Plaintiff blocked Hutchins from Plaintiff's social media page, Plaintiff received another message from Hutchins that Hutchins set up a new Facebook Chat Group to offer a means further to harass and provoke Plaintiff.

35.    The same day, June 11, 2022, Plaintiff contacted officer Ober complaining that Hutchins's conduct was disability abuse against Plaintiff.

36.    When, June 11, 2022, the police investigated Plaintiff's complaint, Defendant

Hutchins admitted to Officer Ober that he was "trying to get into the Plaintiff's head" and that Hutchins knew that Plaintiff suffered from mental disabilities.

37.    At the time of the June 11, 2022 conversation between Officer Ober and Defendant Hutchins also was informed that Plaintiff was never served with any cease harassment.  The police department, an extension of the Town government, suppressed their knowledge and evidence from the court to aid Hutchins and to aid in deflection of the Civil liability Hutchins and the Boards actions and Inactions created.

38.    After the June 11, 2022 informal investigation, Officer Ober denied that Hutchins' conduct was abuse stating it might be harassment

39.    On June 13, 2022, Plaintiff then petitioned the Maine District Court in Dover-Foxcroft alleging that Hutchins, a Selectman for the Town, engaged in a continuing course of conduct to harass and injure Plaintiff and to retaliate against him for the exercise of his First Amendment and civil rights with particular expressed intent to break Plaintiff down due to his disability.  This petition is Dover-Foxcroft Maine District Court, DVDC PA 22-0035.

40.    June 14 Bob spoke with Graef in a recorded interview.

41.    Three weeks later and two days before Court date on Plaintiff's Petition for Protection from Abuse or Harassment, Hutchins on his own behalf and as a member of the Select Board filed a retaliatory complaint, mirroring Plaintiff's petition in the Dover-Foxcroft Maine District Court, DVDC PA 22-0039.

42.    Hutchins, appearing on his own behalf and that of the Town, through counsel,  then during the protection from harassment hearing on June 30, 2022, falsely claimed that a cease harassment order or notice had been given to Plaintiff in April 2022. No such notice or order of any kind had or has been given to Plaintiff prior to the eventual order in DVDC PA 22-0039, DVDC PA 22-0035. This fact was suppressed by the Dover Foxcroft Police Department, in particular Chief Burns, in later proceedings

43.    Hutchins was represented in the Dover-Foxcroft District Court by an attorney, Benjamin Cabot. Cabot was then, and is, also Probate Judge for Piscataquis County with a professional relationship with the Judges of the District Court in Piscataquis County which was not disclosed and required recusal.

44.    On January 19, 2023, Hutchins filed for a Dismissal that was granted after Disric Court Judge Faircloth denied Hutchins Motion to Modify to include the Dover-Foxcroft Town Office as his place of employment "as the order already stated Hutchins place of employment. " Judge Faircloth then "mooted all motions going forward" effectively concluding the matter on January 19, 2023.  Dover-Foxcroft DVDC PA 22-0035, DVDC PA 22-0039

45.  During hearing in the above harassment proceeding, Hutchins and the Town of Dover-Foxcroft characterized the Town Office as Hutchins's place of employment.  At the request of Hutchins, on behalf of himself and Dover-Foxcroft, the court imposed a no contact provision, which legally barred Plaintiff from attending meetings of the Select Board or going to the Town Office at all during the time period of the harassment order. While Plaintiff was not allowed in the Town Office because of this order, The Town made no provision for Plaintiff to conduct Town office business, vote in elections, or attend Town Select Board meetings. This omission on the part of The Town effectively barred Plaintiff from all Town business including the right to vote.

46.  The no contact provision was a direct and proximate result of Hutchins' June 30, 2022 false testimony and allegations that Defendant had been ordered or noticed not to harass or have contact with Hutchins.

47.  December 13, 2022 Plaintiff went to the Town Office and discussed, with Police Chief Grant, the court's order, and whether he could legally attend the upcoming controversial Select Board meeting. Olszewski had a particular reason to attend the meeting because of the recently posted "NO RECORDING" sign in the Town office front door. This new policy interfered with Plaintiff's own recording of Town meetings, and interactions at the Town Office, which were for the purpose of aiding Plaintiff's coping with Plaintiff's communication disability. Other disabled citizens who relied upon recorded interactions in the Town Office as a communication disability aid, Sean Hadley, Dennis Allen, and Karl Stutzman had, in November 2022, also gone to the Town Office to request road hazard reports and had been threatened, at that time, with arrest/removal from the Town Office for Violating the aforementioned new Town Office policy against recording. This Town Office recording ban was to be discussed at the December 13 Select board meeting, so Plaintiff wished to be present.

48.  The same day, December 13, 2022, a libelous fake Facebook profile was created against Plaintiff, publicly accusing Plaintiff of being a pedophile. The creator of the profile was Christopher Johnson, on information at the behest of Defendant Hutchins. On initial inquiry by the Dover Foxcroft police concerning the libelous profile, Johnson denied knowing Hutchins. In Fact, (a) Hutchins was an electrical services customer of Johnson; (b) Johnson later admitted the posting was in reaction to interactions of Plaintiff with Defendant Hutchins and Town officials, (c) Plaintiff saw a Facebook post showing a photo of Hutchins with Johnson from June 12, 2022. In addition, Hutchins' son Andrew had weekly contact with Johnson at this time during 2022 and 2023, and himself published a Facebook photographic message that bullets were the correct response to pedophiles.

49.  Plaintiff filed a Petition with the Maine Human Rights Commission against the Town of Dover-Foxcroft and Barry Hutchins, which was served on the Town on information

on March 6, 2023. PA23-0092A/HUD and PA23-0092B/HUD, later supplemented by Retaliation Petition, PA23-0092C, on the basis of which Right to Sue letters have issued. Plaintiff also sent Notics of Tort Claim to Hutchins and the Town of Dover-Foxcroft.

50.    In March, 2023, after, and only in retaliation for, Plaintiff's filing of the Maine Human Rights Act complaint against Hutchins, Hutchins individually and as Select Board member, attempted, with the connivance of Dover-Foxcroft Chief of Police Burns, to renew criminal charges against Plaintiff and reopened the mooted Harassment action and subjected Plaintiff to a merit less retaliatory contempt proceeding. The action alleged contempt, citing the December 13, 2022 occasion  when Plaintiff was in the Town Office for thirteen seconds. The motion was denied.

51.    In retaliation for Plaintiff's filing the MHRC Complaint, Dover-Foxcroft Police Chief Burns also cooperated with Hutchins in an attempt to renew criminal charges against Plaintiff. Chief Burns was aware of Plaintiff's allegations that the Dover-Foxcroft Hutchins PFH against Plaintiff had been obtained with false testimony. Chief Burns was at the PFH hearing where the false testimony regarding the warning was given, and he knew that no warning or order had been issued against Plaintiff.

52.    Town policy called for an investigation into the allegations in the MHRC complaint that Plaintiff had lodged. Instead of investigate the complaint, Chief Burns sought to establish ground to recommence prosecution of Plaintiff's thirteen second appearance in the Town Office on December 13, 2022.

53.    On June 6th, 2022 Plaintiff referred the Dover-Foxcroft Board of Selectmen to several issues including:
   a.    the continuing failing conditions of certain Town roads, and the toxicity of the gravel in the Town gravel pit's effect upon property around Town roads.
   b.    email exchanges with Hutchins, including Hutchins' threat to break Plaintiff down and blow him apart.
   c.    Hutchins' describing Plaintiff, to Chief Grant, as an unstable threat to the community.
   d.    Hutchins' engagement in the parking lot of himself, one Sean Hadley and Karl Sturtzman, such that Select Board Chairman Edgerly felt compelled to intervene by restraining Hutchins.
   e.    Again raised his petition for the Board to seek Hutchins' resignation.
   f.    Plaintiff further asked for the vendor detail report of a Town expenditure of some $200,000 allegedly to Edgerly.
   g.    Plaintiff presented Plaintiff's reasoning that Plaintiff's civil rights were violated through fear to speak up resulting from intimidation by Town officials. Select Board Chairman Edgerly falsely stated there was no reason to restrain anyone in the reported incident with Hutchins..

54.    Selectman Lizotte inaccurately then said there is no authority to board to ask anyone

to resign and the Select persons failed to exercise their authority under Article Four of the Town charter to appoint, supervise and control all other officials, subordinates, and assistants as set forth in the municipal charter and in State law.

55.    In June 2022, after reading the message Hutchins sent Plaintiff to the board, because Plaintiff was being provoked and threatened by Hutchins and had no course left to protect himself, Plaintiff retreated from involvement and ceased his vigorous attempts to be involved in Town affairs and attending of Select Board meetings.

56.    After the protection order ended on September 1 ,2023, Plaintiff attended the October 23 2023 Select Board meeting and while speaking was interrupted by Selectman Conroy who then attempted to silence him by the assertion of a five minute speaking rule whereas others spoke without interruption up to fifteen minutes and when due to his disability he should, if anyone, have been entitled to speak in excess of 15.  Select person Jane Conroy then without grounds stated publicly that Plaintiff was threatening her and if he said anything about her actions she would sue him.  Again, because he was being provoked and threatened and had no course left to protect himself, Plaintiff retreated from involvement and ceased his vigorous attempts to be involved in Town affairs and attending of Select Board meetings.

57.    The March 2023 contempt motion in PFH 22-0039 above (which was denied 8/24/23 at first hearing) was filed by Hutchins as agent of the Town as a direct and proximate result of the fact Plaintiff has made numerous complaints for several years, continuing to the present, against the Town of Dover-Foxcroft, and had assisted and participated in investigation conducted by the MHRC. The contempt motion had the purpose and effect to prevent him from participating and continuing to participate in Dover-Foxcroft governmental affairs and the exercise of his rights to free speech and to petition.

58.    Notwithstanding it is a public entity, the Town has resolved that the Town Office is not a public forum and has disallowed private audio and video recording of any Town business in the Town Office.

59.    At times material to this Complaint the Town had not adopted a remote meeting policy title as required by Title One of the Maine Revised Statutes. ME. REV. STAT. ANN. tit.1, §403-B (2024)

COUNT ONE - DENIAL OF CIVIL RIGHTS, 42 U.S.C.A. §§1983, 1988

60.    Plaintiffs restate each above averment.

61.    Defendants' conduct, including but not limited to provocation and threats, outlined in this complaint constitute violations of Plaintiff''s constitutional rights and are part of a continuing course of action that deprived and deprives Plaintiff of his constitutional and civil rights and were and are taken under color of state law.

62.     Plaintiff Olszewski has been denied, and is denied, and deterred, as a result of unlawful State action, threats, and failure by Defendant Dover Foxcroft to secure Plaintiff against provocations aimed at him as disabled individual, from exercise of his rights to speak and to participate in governmental business before the Select Board and at the Defendant's Town Office.

63.     Without limitation, the Defendants' attempts to have Plaintiff Robert Olszewski arrested for seeking documents to which he and the public have constitutional Freedom of Access in each and all cases, due to the content of Plaintiff's speech and petitioning activity is unconstitutional and violates Plaintiff's rights under the First and Fourteenth Amendments of the United States Constitution.

64.     Without limitation, the Defendants' obtaining and enforcement of a Protection from Harassment Order PFH 22-0039 forbidding Robert Olszewski from presence in the Town Office or at Select Board meetings, including pursuant to retaliatory contempt proceedings in Dover-Foxcroft PFH, in each and all cases due to Plaintiff's speech and petitioning activity, is unconstitutional and violates Plaintiff's rights under the First and Fourteenth Amendments of the United States Constitution under color of State law.

65.     As a direct and proximate result of the above conduct by Defendants, Plaintiffs Robert Olszewski Jr and Plaintiff Julie Olszewski have been denied rights to freedom of expression and to petition the government, have suffered severe emotional distress, economic injury, medical psychological care, loss of life's enjoyment and damage to their respective reputations in the community

        WHEREFORE Plaintiff Robert Olszewski Jr demands against Defendants jointly and severally compensatory and consequential damages for his losses, including severe emotional and mental distress, economic damages, ( $1,000,000) and punitive damages as may be recoverable, reasonable attorney fees, his costs and interests, and Plaintiff Julie Olszewski demands damages jointly and severally against Defendants for loss of consortium.

COUNT TWO - VIOLATION OF THE CONSTITUTION OF THE UNITED STATES OF AMERICA, THE CONSTITUTION OF THE STATE OF MAINE AND OF THE MAINE CIVIL RIGHTS ACT.

66.     Plaintiffs restate each above averment.

67.     Defendants' course of conduct toward Plaintiff , without limitation, has been in retaliation, to wit for

        a.      Plaintiff's exercise of this First and Fourteenth Amendment rights.
        b.      Plaintiff's petitioning the government regarding the Town's historic and

ongoing use of toxic and substandard materials in building and maintenance of Town roads road conditions

    c.    Failure to engage in mandatory recording of unsafe condition road reports,

    d.    Complaint regarding improper expenditure of government funds,.

    e.    Plaintiff's filing of Discrimination charges against the Town.

    f.    Plaintiff's exercize of constitutional rights to record interactions with the government,

68.    As part of an ongoing course of conduct, Defendant Hutchins acting individually and as an agent of the Town of Dover Foxcroft has by provocations and threats of violence and unreasonable conduct, and the Town of Dover Foxcroft by its own participation or acquiescence in the actions of Hutchins, has engaged in conduct that would cause a reasonable person to suffer emotional distress or to fear death or bodily injury to that person or to a close relation as defined in Title 17 A, section 210 A, subsection 2, paragraph B and paragraph D, respectively.

69.    Defendants' provocations and threats of violence in reaction to Plaintiff's speech and Petitioning activity constitute a continuing course of action which intentionally interfered and interferes  or attempts to intentionally  interfere with Plaintiff's exercise or enjoyment of his civil rights under  the First and Fourteenth Amendments of the United States Constitution, U.S. Const. amend. I, XIV, The Constitution of the State of Maine, Article One, Section 6-A, Me. Const. art. I, §6-A, and The Maine Civil Rights Act, ME. REV. STAT. ANN. tit.5, §§4681-4685 (2024), to wit:

    a.    Without limitation, The Defendant Hutchins' attempts to have Plaintiff Robert Olszewski Jr arrested for seeking  documents to which he and the public have constitutional Freedom of Access in each and all cases, in reaction to Plaintiff's speech and Petitioning activity is unconstitutional and violates his rights under the First and Fourteenth Amendments of the United States Constitution, U.S. Const. amend. I, XIV, The Constitution of the State of Maine, Article One, Section 4, and Section 6-A, Me. Const. art. I, §§4, 6-A, and The Maine Civil Rights Act, ME. REV. STAT. ANN. tit.5, §§4681-4685 (2024).

    b.    Without limitation, The Defendants' obtaining and enforcement of a Protection from Harassment Order  forbidding Robert Olszewski Jr from presence in the Town Office or at Select Board meetings and then pursuit of retaliatory contempt proceedings in Dover Foxcroft Protection from harassment,  in each and all cases, ~~due to Plaintiff's speech~~ and Petitioning activity, proximately caused, chilled and caused violation of Plaintiff's   rights under the First and Fourteenth Amendments of the United States Constitution, U.S. Const. amend. I, XIV, The Constitution of the State of Maine, Article One, Section 4, and Section 6-A, Me. Const. art. I, §§4, 6-A, and The Maine Civil Rights Act, ME. REV. STAT. ANN. tit.5, §§4681-4685 (2024).

c.      Without limitation, Actions, conduct or admissions of Defendants forming the basis of issuance of a Protection from Harassment Order against Hutchins individually and as Select person on September 1. 2023 and at his alleged place of employment, the Town of Dover Foxcroft.

d.      Without limitation, the attempted silencing of, and threat of prosecution against, Plaintiff at October 23, 2023 Board meeting violated Plaintiff's rights under the First and Fourteenth Amendments of the United States Constitution, U.S. Const. amend. I, XIV, The Constitution of the State of Maine, Article One, Section 4, and Section 6-A, Me. Const. art. I, §§4, 6-A, and The Maine Civil Rights Act, ME. REV. STAT. ANN. tit.5, §§4681-4685 (2024).

70.     As a direct and proximate result of the above conduct by Defendants, Plaintiff's rights to freedom of expression and to petition the goverment have been deterred, stopped and chilled.

71.     As a direct and proximate result of the conduct of Defendants, Plaintiff Robert Olszewski Jr has suffered loss of his civil rights, First and fourteenth Amendment rights to express himself and to petition the government, and has suffered consequent severe emotional and and mental injury and distress that has required medical attention, economic injury, loss of life's enjoyment, and damage to their reputations in the community.

WHEREFORE Plaintiff Robert Olszewski Jr demands against Defendants jointly and severally compensatory and consequential damages for his losses ($1,000,000), including severe emotional and mental distress, economic damages, and punitive damages as may be recoverable, reasonable attorney fees, penalties, his costs and interests, and Plaintiff Julie Olszewski demands damages  jointly and severally against Defendants for loss of consortium.

COUNT THREE:   UNLAWFUL DISABILITY BASED DISCRIMINATION IN FAILURE TO PROVIDE DISABILITY ACCOMMODATIONS AND AUXILIARY AIDS IN VIOLATION OF MAINE HUMAN RIGHTS ACT

72.     Plaintiffs restate each above averment.

73.     Plaintiff is a qualified individual with a disability under Title 5, Chapter 337: HUMAN RIGHTS ACT Subchapter 1: GENERAL PROVISIONS, §4553. Definitions, (8-D), (B), ME. REV. STAT. ANN. tit.5, §4553 (2024)

74.     The Town Office and the Select Board meetings including the Town Office constitute places of public accommodation. ME. REV. STAT. ANN. tit.5, §4553 (2024).

75.     The Town knew and should have known of Plaintiff's needs as a mentally and

13

physically disabled person. Plaintiff expressly made known to the Town many times from 2007 to the present that Plaintiff was both physically and mentally disabled and the nature of his disability.

76.    Knowing, as Dover Foxcroft has, of Plaintiff's disabilities, The Town and it's agents, such as Hutchins, should have provided auxiliary aids sufficient to allow Plaintiff to accomplish the same or similar things, at the Town Office and through interaction with Town Government as  non-disabled individuals accomplish at the Town Office, at Town meetings and through Town officials, even if only reasonable patient communication rather than false allegations that Plaintiff's mental illness constitutes a threat, and other provocations.

77.    At times material to this Complaint, Plaintiff has tried to petition and interact with government and has been unable to do so because of  Town Officers' reactions to Plaintiff's mental disabilities and due to Plaintiff's mental disability symptoms which cause Plaintiff to become agitated and unable to constructively process and engage in communication  ~~conversation~~ with Town officers.

78.    There are auxiliary aids that would allow individuals with Plaintiff's disabilities to successfully utilize the Town Office and accomplish Plaintiff's desired interactions with Town government, including, but not limited to, allowing the recording, by Plaintiff, of interactions at the Town office; training of staff and persons employed at Town office in the accommodation of the needs of mentally disabled persons; and policies relating to remote video communication.

79.    The Town, through it's officers and employees, did not provide mental disability accommodations or mental disability auxiliary aids to plaintiff, to assist Plaintiff in Plaintiff's efforts to communicate and otherwise interact with the Town Government at the Town office. Because, (in addition to acts of provocation and persecution), of this omission to act, on the part of the Town, and it's officers,  Plaintiff is, and has been, denied the provision of aids or services, or the participation in programs or activities provided by Dover-Foxcroft, to which he is entitled, and, therefore, has been discriminated against by reason of his disability in violation of The Maine Human Rights Act together with the rules of the Maine Human Rights Council.  ME. REV. STAT. ANN. tit.5, §§4553, 4591, 4592  (2024), MHRC Rules 7.04 (C),(D).

80.    Plaintiff should have been provided with auxiliary aid and accommodations

    a.    Without limitation, at the time of the Town's actions, including actions by the Police to protect Plaintiff from Hutchins following the March 20, 2022 correspondence between Defendant Selectman Hutchins and then Dover-Foxcroft police chief Grant where Hutchins declared that Plaintiff was unstable and showed himself as a threat, and danger to Town employees..

    b.    Throughout March of 2022, when Plaintiff attempted to help the Town

government come to understand the various options for better materials with which to make the Town roads. Rather than provide auxiliary aids and accommodations, to bring plaintiff to an understanding of the particulars involved in communicating with Town Government, Defendant Selectman Hutchins Harassed Plaintiff. The harassment included, but was not limited to Hutchins' behavior at the April 11 2022 Select Board Meeting, during the time for public comment and questions. At that time, Hutchins confronted Plaintiff in an oppositional manner, with public vocal protests and ridicule, saying that Plaintiff's emails were bothersome and objectionable, and publicly voicing outright rejection of the reports Plaintiff provided for want of notarization.

c.    When, on April 13, 2022, Plaintiff requested public information under the Freedom of Access Law, to wit copies of emails that Defendant Hutchins had publicly claimed to be numerous and threatening, from the Select Board, from the Town Office, and from Hutchins, on April 20, 2022, notwithstanding the fact Town business was done by personal Select persons' respective emails, Instead of offering disability aids to Plaintiff that would have helped Plaintiff to accomplish Plaintiff's goal in interacting with Hutchins, Hutchins threatened Plaintiff with criminal prosecution for emailing Hutchins an FOAA request.

d.    Plaintiff was, at times, denied the opportunity to record his communications with the Town.

81.    To summarize, Plaintiff is, and has been, wrongfully denied the provision of disability aids or services, and the participation in programs or activities provided by Dover-Foxcroft to which he is entitled by reason of his disability pursuant to the Maine Human Rights Act and the regulations of the Maine Human Rights Council.  ME. REV. STAT. ANN. tit.5, §§4553, 4591, 4592  (2024), MHRC Rules 7.04 (C),(D).

WHEREFORE Plaintiff Robert Olszewski Jr demands against Defendants jointly and severally such remedies and damages as are allowable under the Maine Human Rights Act, compensatory and consequential damages ($1,000,000) for his losses, including severe emotional and mental distress, economic damages, and punitive damages as may be recoverable,  reasonable attorney fees, his costs and interests, and Plaintiff Julie Olszewski demands damages  jointly and severally against Defendants for loss of consortium.

COUNT FOUR -   UNLAWFUL DISABILITY BASED DISCRIMINATION, IN THE FORM OF HARASSMENT, IN VIOLATION OF MAINE HUMAN RIGHTS ACT.

82.    Plaintiffs restate each above averment.

83.     Defendants have harassed Plaintiff (as defined in Maine Human Rights Act, ME. REV. STAT. ANN. tit.5, §§4553 (2024), the definition of "discriminate".

84.    Without limitation Defendants have discriminated and harassed Plaintiff:

15

a.    by actions found to exist as a basis for September 1, 2022, harassment court order issued against Selectman Hutchins.

b.    April 13, 2022, Defendant Hutchins response to Plaintiff's FOAA request by threats to have Plaintiff jailed and actually seeking to have Plaintiff jailed.

c.    Response to Plaintiff's FOAA requests for emails in a Facebook Messenger message, stating:

"Mr Olszewski april 13 2022
Let me make this crystal clear to you sir. I have told you how to go about getting all information that you want ... With regard to your doctors or any other person that is reading these emails. I DON'T GIVE A SHIT AS TO WHAT THEIR OPINION IS SIR. You are troubled. *I have dealt with countless persons like you throughout my life I do not continue to do it now*. If you choose to come at me aggressively, you will get it right back Do not ever mistake me for a person that will simply roll over and take it. For the last time Sir. Do not send me another means of communications or I will pursue criminal charges against you. Barry G Hutchins's Town of Dover-Foxcroft."

d.    April 27, 2022, At the close of a Select Board meeting where Plaintiff had petitioned for Defendant's resignation from the Select Board, Defendant Hutchins' aggressive conduct toward Plaintiff and on May 9, 2022, after Plaintiff and others asked for an apology from Hutchins, immediately after the Board meeting, Hutchins attempt to provoke a physical confrontation with Plaintiff in the parking lot, by his sitting upon the hood of Plaintiff's car and refusing to move.

e.    June 10, 2022, Defendant Hutchins, targeting Plaintiff's disabilities, by email to Plaintiff of the following harassing message:

"Am I in your head so damn dead that you can't sleep anymore Robert? How does it feel that your mother is actually having now to speak to your defense? How does it feel to live in Mommy's basement? I am so deep in your head that you will explode with anger before you figure out how to deal with me Robert. This is what I am exceptional at. Getting deep into the minds of persons whom are weak. I then break them down little by little at a time until I am ready to completely blow them apart. This seat that I sit in is the least of my concerns."

f.    On June 11, 2022, after Plaintiff blocked Hutchins from Plaintiff's social media page, Hutchins' sending to Plaintiff another message from that Hutchins set up a new Facebook Chat Group to offer a means further to harass and provoke Plaintiff.

16

g.    Retaliations as stated below.

85.    Plaintiff Robert Olszewski, Jr. has been discriminated against in that he has been subjected to harassment including outright provocation and the threat of torture by Hutchins not only because Plaintiff is mentally and physically disabled but because he is a member of the class of mentally and physically disabled individuals,

86.    As a proximate result of this discriminatory harassment, Plaintiff has been denied the civil right of equal access to the Town Office of the Town of Dover Foxcroft, a public entity and place of public accommodation, and to the public forum of it's Select Board meetings, and to full enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of the Town.

WHEREFORE Plaintiff Robert Olszewski Jr demands against Defendants jointly and severally such remedies and damages as are allowable under the Maine Human Rights Act, compensatory and consequential damages ($1,000,000) for his losses, including severe emotional and mental distress, economic damages, and punitive damages as may be recoverable, reasonable attorney fees, his costs and interests, and Plaintiff Julie Olszewski demands damages  jointly and severally against Defendants for loss of consortium

COUNT FIVE - UNLAWFUL DISCRIMINATION, IN THE FORM OF RETALIATION, IN VIOLATION OF MAINE HUMAN RIGHTS ACT.

87.    Plaintiffs restate each above averment.

88.    Plaintiff Robert Olszewski has been retaliated against in violation of the Maine Human Rights Act, ME. REV. STAT. ANN. tit.5, §4633 (2024). The discrimination by harassment, ME. REV. STAT. ANN. tit.5, §§4553, 4591, 4592  (2024) previously described herein, was retaliation, toward Plaintiff, on the part of defendants. Defendant Hutchins acted in retaliation over Hutchins's personal rancor which developed in the course of Plaintiff's attempts to enjoy the rights granted under the Maine Human Rights Act, to avail Plaintiff's self of the public accommodations offered by the Town of Dover Foxcroft at the Town office and through the Town officials, such as Hutchins. Plaintiff had attempted to use the public accommodations of the Town office to influence local Town action through interactions with Hutchins in Hutchins's capacity as Town Select board Member. The Town of Dover-Foxcroft, a public entity, retaliated by reason of Plaintiff's whistle blowing actions, including Plaintiff's announcements to the general public and efforts to expose to public scrutiny certain allegedly dubious Town acts, and Plaintiff's filing of Discrimination Complaints against Defendants with the Maine Human Rights Council.

89.    Plaintiff Robert Olszewski has been retaliated against in that he was interfered with, coerced, and intimidated, by Hutchins, as Plaintiff attempted to enjoy the rights granted under the Maine Human Rights Act, to avail Plaintiff's self of the public

17

accommodations offered by the Town of Dover Foxcroft at the Town Office and through the Town officials, such as Hutchins.

90.    Without limitation, acts by Defendants, in retaliation for Plaintiff's protected actvities include:

    a.    The filing,  two days before the hearing and three weeks after Plaintiff's filing on June 13, 2022 in Dover Foxcroft District Court, DOVDC-PH-22-35, for a court order against harassment by Selectman Hutchins, instead of agreeing to cease the harassment, and provide disability accommodations to Plaintiff, filing by Hutchins of a Protection from Harassment Petition, DVDC PA 22-0039, against Plaintiff, which deterred Plaintiff from civic participation by and through the public accommodations offered by the Dover-Foxcroft Town Office and it's officers.

    b.    Failure to censure or otherwise rein in the abusive and outrageous behavior of Respondent Selectman Hutchins

    c.    Seeking prosecution of Plaintiff for his attempts to participate in Town affairs rather than reasonable accommodation for his disabilities.

    d.    Seeking to hold Plaintiff in contempt of court without any probable cause or reason to do so based on a Protection from Harassment Order which was obtained under false allegations and further a moot and closed matter.

    e.    Denial of equal protection of the law in failure to protect Plaintiff's real property from flooding and dangerour road conditions.


    WHEREFORE Plaintiff Robert Olszewski Jr demands against Defendants jointly and severally such remedies and damages as are allowable under the Maine Human Rights Act, compensatory and consequential damages ($1,000,000) for his losses, including severe emotional and mental distress, economic damages, and punitive damages as may be recoverable, reasonable attorney fees, his costs and interests, and Plaintiff Julie Olszewski demands damages  jointly and severally against Defendants for loss of consortium

COUNT SIX -  INTENTIONAL INFLICTION OF MENTAL AND EMOTIONAL DISTRESS
        BY DEFENDANT BARRY HUTCHINS

91.    Plaintiffs restate the above averments.

92.    Defendant Hutchins was aware of Olszewski's mental and physical disability.

93.    While aware of Olszewski's medical history, with malice, Hutchins threatened to and did mentally torture Robert Olszewski and attempt to provoke Olszewski to violence,

94.    Defendant Hutchins' portrayed Plaintiff to be violent and a threat to Town employees and others when, in fact, Plaintiff presented no such threat.

95.    Defendant Hutchins' conduct was intentional outrageous and beyond he scope of any conduct tolerable in a civilized society or community.

96.    As a direct and proximate result of Defendant's conduct Plaintiffs each have suffered injury, economic damage, severe and mental emotional distress, requiring medical attention, loss of life's enjoyment, and damages.

WHEREFORE Plaintiff Robert Olszewski Jr demands against Defendant Hutchins compensatory and consequential damages ($1,000,000) for his losses, including severe emotional and mental distress, economic damages, and punitive damages as may be recoverable reasonable attorney fees, his costs and interests, and Plaintiff Julie Olszewski demands damages  jointly and severally against Defendants for loss of consortium

COUNT SEVEN - NEGLIGENT INFLICTION OF MENTAL AND EMOTIONAL DISTRESS

97.    Plaintiffs restate the above averments.

98.    The conduct and actions or omissions to act when there has been a duty to act by Defendant Dover- Foxcroft has been negligent, grossly negligent and reckless.

99.    Plaintiffs were at all times in the exercise of reasonable care.

100.    Defendants' respective  conduct, including but not limited to, in the case of Defendant Dover Foxcroft, its omissions to act or action in filing to protect Plaintiffs from, and participation by Town officials in, the wrongful and outrageous conduct of Hutchins.

101.    As a direct and proximate result of Defendants' conduct has proximately caused and Plaintiff  each have suffered foreseeable injury, severe mental and emotional distress, economic damages and loss of life's enjoyment, and in the case of Julie Oszlewski loss of consortium.

WHEREFORE Plaintiff Robert Olszewski Jr demands against Defendants jointly and severally such remedies as may be allowable under the MHRA and, compensatory and consequential damages ($1,000,000) for his losses, including severe emotional and mental distress, economic damages, reasonable attorney fees, his costs and interests, and punitive damages and Plaintiff Julie Olszewski demands damages  jointly and severally against Defendants for loss of consortium

COUNT EIGHT - DEFAMATION & INVASION OF PRIVACY

102.    Plaintiffs restate the above averments.

19

103.  Defendants' actions, including but not limited to Hutchins emails alleging Plaintiff to be an immediate threat to the safety of Town employees, are false.

104.   Defendants' actions, jointly and severally,including but not limited to Hutchins emails alleging Plaintiff to be an immediate threat to the safety of Town employees,and subsequent failure by Defendants to correct these allegations have proximately resulted in and are proximately resulting in painting a picture of Plaintiff before the public in a false light which was and is highly offensive to a reasonable person, portraying him as not only mentally ill, but as a threat and danger to the public.

105.  The false light has foreseeably invaded the privacy of the Plaintiffs' home life, subjected Plaintiffs to foreseeable obloquy, obscene characterization, and triggered and proximately caused threats of violence, including arson and being killed with a firearm, and other ongoing recriminations against the Plaintiffs.

106.  Defendants have acted recklessly and in complete disregard as to the consequences of the false light in which thePlaintiffs have been placed by Defendants' conduct.

107.  As a proximate result of the above conduct of Defendants Plaintiffs have suffered severe mental stress, fear of physical injury, loss of life's enjoyment, loss of reputation, and other damages.

WHEREFORE Plaintiff Robert Olszewski Jr demands against Defendants jointly and severally, compensatory and consequential damages ($1,000,000) for his losses, including severe emotional and mental distress, economic damages, his costs and interests, and reasonable attorney fees and punitive damages, and Plaintiff Julie Olszewski demands damages  jointly and severally against Defendants for loss of consortium.

PRELIMINARY INJUNCTION REQUEST.

108.  Plaintiff restates all above paragraphs.

109.  There is an actual controversy, definite dispute between the parties as to the rights and obligations of the parties including Plaintiff's rights to participate without continuing threats and interference by the Defendants in public meetings.

110.  Plaintiff is and the public are irreparably harmed by allowing the status quo to continue.

111.  Plaintiff has no adequate remedy at law

112.  Plaintiff is more likely than not to succeed on the merits: Defendant Barry Hutchins was in fact, and in Protection from Harassment pleadings and in emails outlined above and elsewhere held himself out as and acted as an agent and Selectman of

Dover-Foxcroft. By use and allowance of private email for Town business and inaction when informed and asked to correct Hutchins' conduct, including threats and unrelenting repeated attempts to prosecute Plaintiff, the Board itself continues to do indirectly by encouraging  Hutchins acts what it could not do directly, to wit to suppress, and to censure the exercise of Plaintiffs' rights to free speech and the right to petition.

113.    An Affidavit in support of Motion for Injunctive Relief will follow in due course.

WHEREFORE Plaintiffs seek

A. a preliminary injunction and declaration as to Plaintiff's rights pending final resolution of this matter.

B. Damages jointly and severally against Defendants in an amount to be determined at trial.

C. An award of attorney fees, and costs pursuant to 41 U.S.C. § 1988 and 5 M.R.S.A.§§  4683, 4614

D. Such further relief as justice and equity require

DEMAND FOR JURY TRIAL

114.    Plaintiffs demand jury trial pursuant to Rule 38, Federal Rules of Civil Procedure on all causes of action.

Date: June 6, 2024

Respectfully submitted,

/s/Andrews B Campbell
Andrews Bruce Campbell #1344
Attorney for Plaintiffs

ANDREWS BRUCE CAMPBELL, P.A.
919 Ridge Road, P.O. Box 119
Bowdoinham, ME 04008
207-666-5601; abc@207legal.com

21

22