## UNITED STATES DISTRICT COURT
## DISTRICT OF MAINE

ROBERT OLSZEWSKI JR and JULIE
OLSZEWSKI

*Plaintiffs,*

v.

BARRY HUTCHINS OF DOVER-
FOXCROFT IN HIS INDIVIDUAL
CAPACITY AND AS
FORMER SELECTMAN, and TOWN OF
DOVER-FOXCROFT

*Defendants.*

Case number: 1:24-cv-00209-LEW

### DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS

Plaintiffs' Opposition to Defendants' Motion to Dismiss (hereinafter, "Opposition") fails

to identify facts or law that would save the FAC from dismissal for failure to state a claim upon

which relief can be granted. For the reasons set forth in this Reply, as well as the reasons set

forth more fully in Defendants' Motion to Dismiss, Plaintiffs' FAC should be dismissed in its

entirety.[1]

**I.      Plaintiffs Failed to Adequately Plead a Claim Under 42 U.S.C. § 1983 (Count I)
and a Constitutional Violation (Count II)**

Plaintiffs' Opposition clarifies that in addition to Mr. Olzewski's First Amendment

claims, he is pursuing a Fourteenth Amendment substantive due process claim and a Fourth

Amendment violation claim. (ECF Doc. 13, Page ID #: 72, 75.) Plaintiff has not sufficiently pled

these constitutional violations and, even if he did, he has failed to establish municipal liability

under 42 U.S.C. § 1983.

---

[1] Plaintiffs have withdrawn Count VII. (ECF Doc. 13, Page ID #: 87.)

The allegations in the FAC do not state a substantive due process claim under the Fourteenth Amendment. Indeed, the FAC only makes conclusory references to the Fourteenth Amendment in relation to Plaintiff's speech and petitioning activity. FAC ¶¶ 63, 64, 67, 69, 71. To state a claim for a substantive due process violation under the Fourteenth Amendment, a plaintiff must allege "that they suffered the deprivation of an established life, liberty, or property interest, and that such deprivation occurred through governmental action that shocks the conscience." *Clark v. Boscher*, 514 F.3d 107, 112 (1st Cir. 2008). In addition to the fact that the FAC only makes conclusory references to the Fourteenth Amendment, the alleged conduct against Mr. Hutchins and the Town, which is largely based upon Mr. Hutchins's obtaining a protection from harassment order against Plaintiff and the two emails that Mr. Hutchins sent to Plaintiff, is not sufficient to state a substantive due process violation.

While Plaintiff's Opposition states that he is pursuing a Fourth Amendment claim, (ECF Doc. 13, Page ID #: 75), the FAC does not allege a Fourth Amendment violation whatsoever. Therefore, any supposed Fourth Amendment violation cannot be used to avoid dismissal of Counts I and II of the FAC.

Further, Plaintiff fails to state a claim for viewpoint discrimination for all of the reasons set forth in the Motion to Dismiss. (ECF Doc. 9, Page ID #: 53-54,57-58). To the extent Plaintiff is alleging his First Amendment rights were violated due to a prohibition of public discussion on an entire topic, neither Mr. Hutchins nor the Town prohibited discussion of an entire topic. *See, e.g.*, *Reed v. Town of Gilbert, Ariz.*, 576 U.S. 155, 168–69 (2015). Further, to the extent there was any limitation imposed on Plaintiff's ability to speak, it was minimal in that he could not have direct or indirect contact with Mr. Hutchins based on the protection from harassment order. As discussed in Defendants' Motion to Dismiss, there were many other ways Plaintiff could

express his views, or discuss topics, with the Town, including other members of the Select Board. (ECF Doc. 9, Page ID #: 54-55.)

Plaintiff cannot establish municipal liability under Section 1983, which requires a showing of a course of conduct or official custom or policy that violated Plaintiff's constitutional rights. (ECF Doc. 9, Page ID #: 56.) Plaintiff's claims are based on the erroneous premise that one Select Board member can act for the Select Board as a whole. The applicable law, which Plaintiff cites, provides that "[i]t is the intention of this subchapter that the *select board as a body* shall exercise all administrative and executive powers of the town except as provided in this subchapter." 30-A M.R.S. § 2635 (emphasis added). The Maine Supreme Judicial Court has opined on this law in the context of public contracts and explained that "[t]his Court has previously held that one member of a board of selectmen cannot bind a town to a contract unless his authority to act alone is proved or his actions subsequently ratified." *Sirois v. Town of Frenchville*, 441 A.2d 291, 294 (Me. 1982) (citing *Prest v. Inhabitants of the Town of Farmington*, 116 Me. 8, 11, 99 A. 653 (1917); *Inhabitants of Richmond v. Johnson*, 53 Me. 437, 438 (1866)). Further, "[i]t is not the town's burden to establish the absence of authority but the plaintiff's burden to prove the authority." *Id.*

Here, there are no allegations that the Select Board ratified Mr. Hutchins's conduct. Rather, as Plaintiff alleged in the FAC, Plaintiff asked for an apology from Mr. Hutchins and "Board member Lizotte is heard asserting that the Board does not have authority to take action against Hutchins[,]" FAC ¶ 28, and that "Selectman Lizotte inaccurately then said there is no authority to [sic] board to ask anyone to resign and the Select persons failed to exercise their authority under Article Four of the Town charter to appoint, supervise and control all other officials, subordinates, and assistant[,]" FAC ¶ 54. Even viewed in the light most favorable to

Plaintiff, these allegations do not support an inference that the Select Board ratified Mr. Hutchins's conduct or that he had authority to act alone on behalf of the Select Board as a whole.[2]

Plaintiff's claims are based on a second erroneous premise—that the Select Board and the Town obtained a protection order against Mr. Olzewski. *See, e.g.*, ECF Doc. 13, Page ID #: 80 ("the Board gave Hutchins actual or apparent authority to seek a Protection Order against Olszewski" and "[t]he Town's obtaining of the Protection Order by Select person Hutchins against plaintiff"). As requested in Defendants' Motion to Dismiss, Defendants respectfully request that the Court exercise its authority to take judicial notice of the protection from harassment order that Mr. Hutchins, individually, obtained against Mr. Olzewski. (ECF Doc. 9, Page ID #: 55). And, as discussed in the Motion to Dismiss, the protection from harassment order only applied to Mr. Hutchins and did not impose the grand restrictions Plaintiff claims. *See id.* Relatedly, the protection from harassment order cannot serve as the basis for Plaintiff's constitutional claims in this subsequent civil action. When the Dover Foxcroft District Court entered the order against Plaintiff, the court necessarily found that the case was meritorious and the pursuit of meritorious litigation is protected by the First Amendment. *See, e.g.*, *McBreairty v. Brewer Sch. Dep't*, No. 1:24-CV-00053-LEW, 2024 WL 1610763, at *2 (D. Me. Mar. 28, 2024), *appeal dismissed,* No. 24-1337, 2024 WL 4526250 (1st Cir. May 16, 2024) (discussing school district's First Amendment right to access court system for pursuit of meritorious litigation).

Finally, contrary to Plaintiff's suggestion, the doctrine of qualified immunity is regularly applied to government officials and not just police officers. *See, e.g.*, *Eves v. LePage*, 927 F.3d 575, 582 (1st Cir. 2019) (discussing the doctrine of qualified immunity and applying it to

---

[2] Plaintiff's Opposition asserts that Mr. Hutchins's conduct was *ultra vires*. (ECF Doc. 13, Page ID #: 85.) If that is Plaintiff's position, then Plaintiff cannot rely on the same conduct as a basis for municipal liability.

governor). Plaintiff's citation to an unpublished decision from the Southern District of

Mississippi, denying qualified immunity for a police detective in a capital murder case and,

specifically, his citation to the court's criticism of the legal doctrine of qualified immunity, does

not change the fact that the doctrine of qualified immunity is still good law. (ECF Doc. 13, Page

ID #: 79, 87) (citing *Desmond D. Green v. Detective Jacquelyn Thomas, et al.*, No. 3:23-CV-

126-CWR-ASH, ECF Doc. 34, Page ID #: 41). For all the reasons stated in Defendants' Motion

to Dismiss, Mr. Hutchins is entitled to qualified immunity. (ECF Doc. 9, Page ID #: 57-58.)

## II.    Plaintiffs Have Failed to State a Claim under the Maine Human Rights Act (Counts III, IV, and V)

First, Plaintiff does not dispute that individuals cannot be held liable under the MHRA

and, therefore, Counts III, IV, and V must be dismissed against Mr. Hutchins. (ECF Doc. 9, Page

ID #: 58.)

Second, Plaintiff contends that he was not required to ask the Town for a public

accommodation. (ECF Doc. 13, Page ID #: 82.) This is incorrect as a matter of law. "[B]ecause

the MHRA generally tracks federal anti-discrimination statutes, it is appropriate to look to

federal precedent for guidance in interpreting the MHRA." *Doyle v. Dep't Of Hum. Servs.*, 2003

ME 61, 824 A.2d 48, 54 n.7 (quoting *Winston v. Me. Technical Coll. Sys.,* 631 A.2d 70, 74–75

(Me. 1993)). To recover under Title III of the ADA for discrimination in a place of public

accommodation, the plaintiff must prove, among other things, "the defendant has a

discriminatory policy or practice in effect; that he (the plaintiff) requested a reasonable

modification in that policy or practice which, if granted, would have afforded him the access to

the desired goods . . . ." *Dudley v. Hannaford Bros. Co.*, 333 F.3d 299, 307 (1st Cir. 2003); *see

also* (ECF Doc. 9, Page ID #: 59-60.). Further, the Maine Human Rights Commission's decisions

on public accommodations discrimination hold that a plaintiff must prove that he requested a

reasonable accommodation from the place of public accommodation. *See, e.g.*, Maine Human

Rights Commission, Investigator's Report, PA 12-0004 at pp. 3-4, (Nov. 15, 2013), (available at

https://www.maine.gov/mhrc/sites/maine.gov.mhrc/files/pdfs/PA12-0004_Redacted.pdf).

Here, Plaintiff did not request a reasonable accommodation from the Town and, therefore, cannot

prevail on this claim. Additionally, as argued in Defendants' Motion to Dismiss, Plaintiff did not

go to the Town office because of the protection order and, once the order expired, he resumed

going to the Town office, all of which cuts against his discrimination claim. (ECF Doc. 9, Page

ID #: 60.)

Third, 5 M.R.S. § 4553 is the definitions section of the MHRA. Specifically, section

4553(2) that Plaintiff cites, is the definition of "Discriminate." (ECF Doc. 13, Page ID #: 83.)

Any such claim for discrimination in a place of public accommodation would need to be made

pursuant to 5 M.R.S. § 4592, which is addressed in Count IV, and is not a standalone claim as

pled in Count V.

### III.     Plaintiffs Fail to State a Viable Tort Claim

After Plaintiff's voluntary dismissal of Count VII for Negligent Infliction of Emotional

Distress, the remaining tort claims are Count VI for Intentional Infliction of Emotional Distress

and Count VIII for Defamation and Invasion of Privacy. As discussed in Defendants' Motion to

Dismiss, the Town is immune from liability under the Maine Tort Claims Act and, thus, all of the

tort claims must be dismissed as to the Town. (ECF Doc. 9, Page ID #: 61-62.)

With respect to the claims against Mr. Hutchins, it is important to note that the FAC

identifies Mr. Hutchins's communications as opinions. FAC ¶¶ 6, 7, 14. Moreover, the FAC

alleged that Mr. Olzewski's conduct is characterized by "heighted irritability, frustration,

agitation when interacting in certain situations . . . ." FAC ¶ 10. Mr. Hutchins's email to Town

officials that Mr. Olzewski was "unstable and clearly showing himself as a threat, a danger and threat to the community," FAC ¶ 15, is consistent with the FAC's characterization of Mr. Olzewski's conduct and, therefore, cannot be said to be false or made with reckless disregard. (ECF Doc. 9, Page ID #: 63-64.) Likewise, Plaintiff's Opposition cites to paragraphs 15, 29, 31, and 36 in support of his claim for intentional infliction of emotional distress. (ECF Doc. 13, Page ID #: 85.) Setting aside Plaintiff's descriptive summary of those allegations, the allegations themselves are not so extreme and outrageous as to exceed all possible bounds of decency that they must be regarded as atrocious and utterly intolerable, as required by Maine law. *See, e.g.*, *Lyman v. Huber*, 2010 ME 139, ¶ 16. Thus, for all the reasons set forth in Defendants' Motion to Dismiss, Plaintiff likewise fails to state tort claims against Mr. Hutchins and the tort claims must be dismissed. (ECF Doc. 9, Page ID #: 63-65.)

Lastly, if the Court determines that the FAC contains sufficient information in the prayers for relief for Plaintiff Julie Olzewski to pursue a loss of consortium claim, then any such claim must be related to a mental or physical injury suffered by Mr. Olzewski. *See, e.g.*, *Gayer v. Bath Iron Works Corp.*, 687 A.2d 617, 622 (Me. 1996) (recognizing spouse's right to recover damages for loss of consortium when there is tortious injury). Thus, at the very least, any claim for loss of consortium arising out of Counts I through V of the complaint must be dismissed.

## <u>CONCLUSION</u>

For these reasons, as well as the reasons set forth more fully in Defendants' Motion to Dismiss, Plaintiff's FAC should be dismissed in its entirety with prejudice and without costs.

DATED at Portland, Maine this 6th day of November, 2024.

*/s/ Jeana M. McCormick*_____
Jeana M. McCormick
*Attorney for Defendants*
*Barry Hutchins and Town of Dover Foxcroft*

**DRUMMOND WOODSUM**
84 Marginal Way, Suite 600
Portland, Maine 04101
Tel. 207-772-1941
jmccormick@dwmlaw.com